# EXHIBIT A



# PROCESS SERVER DELIVERY DETAILS

**Date:**              Thu, Feb 24, 2022

**Server Name:**       DROP SERVICE

| Entity Served | MERCEDES-BENZ USA LLC |
|---------------|------------------------|
| Case Number   | CVRI2200580            |
| Jurisdiction  | CA                     |



Electronically FILED by Superior Court of California, County of Riverside on 02/10/2022 09:39 AM
Case Number CVRI2200580 0000011450707 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Araceli Amezcua, Clerk

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

| | FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE) |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

MERCEDES-BENZ USA, LLC, A Delaware Limited Liability
Company; and DOES 1 through 20, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

GEORGE SHEHEED, an individual,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* Riverside Historic Courthouse | CASE NUMBER:<br>*(Número del Caso):* |
|---|---|
| 4050 Main Street<br>Riverside, CA 92501 | CVRI2200580 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

David N. Barry, Esq. 11845 W. Olympic Blvd., Suite 1270, Los Angeles, CA 90064 (310) 684-5859

| DATE:<br>*(Fecha)* | 02/10/22 | Clerk, by<br>*(Secretario)* | _Araceli Amezcua_ | , Deputy<br>*(Adjunto)* |
|---|---|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

GC68150(g)

Page 1 of 1

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |
|---|---|---|

Electronically FILED by Superior Court of California, County of Riverside on 02/10/2022 09:39 AM
Case Number CVRI2200580 0000011450704 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Araceli Amezcua, Clerk

DAVID N. BARRY, ESQ. (SBN 219230)
THE BARRY LAW FIRM
11845 W. Olympic Blvd., Suite 1270
Los Angeles, CA 90064
Telephone: 310.684.5859
Facsimile: 310.862.4539

Attorneys for Plaintiff, GEORGE SHEHEED

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF RIVERSIDE – RIVERSIDE HISTORIC COURTHOUSE

| | |
|---|---|
| GEORGE SHEHEED, an individual, | Case No. CVRI2200580 |
| Plaintiff, | **COMPLAINT FOR DAMAGES** |
| v. | |
| MERCEDES-BENZ USA, LLC, A Delaware Limited Liability Company; and DOES 1 through 20, inclusive, | |
| Defendants. | *Assigned for all purposes to the Hon. in Dept.* |

1. Breach of Implied Warranty of Merchantability under the Song-Beverly Consumer Warranty Act.
2. Breach of Express Warranty under the Song-Beverly Consumer Warranty Act.

JURY TRIAL DEMANDED.

-1-
**COMPLAINT FOR DAMAGES**

PLAINTIFF GEORGE SHEHEED, an individual, hereby alleges and complains as follows:

**GENERAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION**

1.     Defendant, MERCEDES-BENZ USA, LLC, is a Delaware Limited Liability Company doing business in the County of Riverside, State of California, and, at all times relevant herein, was/is engaged in the manufacture, sale, distribution, and/or importing of Mercedes-Benz motor vehicles and related equipment.

2.     The true names and capacities, whether individual, corporate, associate, or otherwise, of the Defendants, Does 1 through 20, inclusive, are unknown to Plaintiff who therefore sues these Defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to set forth their true names and capacities when Plaintiff has ascertained them.  Further, Plaintiff is informed and believes, and thereon alleges, that each of the Defendants designated herein as a "Doe" is responsible in some manner for the events and happenings herein referred to and caused injury and damage to Plaintiff as herein alleged.

3.     MERCEDES-BENZ USA, LLC and Defendants, Does 1 through 20, inclusive, are collectively hereinafter referred to as "Defendants."

4.     Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants, and each of them, were the agents, servants, and/or employees of each of their Co-Defendants. Plaintiff is informed and believes, and thereon alleges, that in doing the things hereinafter alleged Defendants, and each of them, were acting in the course and scope of their employment as such agents, servants, and/or employees, and with the permission, consent, knowledge, and/or ratification of their Co-Defendants, principals, and/or employers.

5.     On March 26, 2021, Plaintiff purchased a new 2017 Mercedes-Benz GLB250W, VIN W1N4M4GBXMW107914 (hereinafter referred to as the "Vehicle"), for personal, family, and/or household purposes.  The Vehicle was purchased new with only one hundred eight (108) existing miles. The Retail Installment Sale Contract ("Contract") is in the possession of Defendants.

6.     The Vehicle was/is a "new motor vehicle" under the Song-Beverly Consumer Warranty Act (the "Song-Beverly Act").

7.     Plaintiff received written warranties and other express and implied warranties including,

**COMPLAINT FOR DAMAGES**

1   but not limited to, warranties from Defendants that the Vehicle and its components would be free

2   from all defects in material and workmanship; that the Vehicle would pass without objection in the

3   trade under the Contract description; that the Vehicle would be fit for the ordinary purposes for which

4   it was intended; that the Vehicle would conform to the promises and affirmations of fact made; that

5   Defendants, and each of them, would perform any repairs, alignments, adjustments, and/or

6   replacements of any parts necessary to ensure that the Vehicle was free from any defects in material

7   and workmanship; that Defendants, and each of them, would maintain the utility of the Vehicle for

8   four (4) years or 50,000 miles under the basic warranty and four (4) years or 50,000 miles under the

9   powertrain warranty and would conform the Vehicle to the applicable express warranties. (A copy

10   of the written warranty is in the possession of the Defendants).

11       8.      Plaintiff has duly performed all the conditions on Plaintiff's part under the Contract

12   and under the express and implied warranties given to Plaintiff, except insofar as the acts and/or

13   omissions of the Defendants, and each of them, as alleged herein, prevented and/or excused such

14   performance.

15       9.      Plaintiff has delivered the Vehicle to the Defendants' authorized service and repair

16   facilities, agents and/or dealers, on at least three (3) separate occasions resulting in the Vehicle being

17   out of service by reason of repair of nonconformities. Repair orders and/or invoices related to said

18   repair presentations are in the possession of Defendants.

19       10.     By way of example, and not by way of limitation, on July 19, 2021, Plaintiff delivered

20   the Vehicle to an authorized repair facility by Defendants, notifying Defendants that the Vehicle was

21   facing issues with the infotainment system causing the display screen to freeze. Defendants

22   authorized service technician verified the concern and resulted in replacing the hard disc. After being

23   in custody of Defendants for five (5) days the Vehicle was returned to Plaintiff and Defendants'

24   authorized service technician represented to Plaintiff that the Vehicle was then operating as intended

25   and was safe to drive. Plaintiff reasonably relied on this representation by the service technician at

26   the Defendants' authorized repair facility. All diagnostics/repairs were covered under Defendants'

27   written warranty.

28

-3-
**COMPLAINT FOR DAMAGES**

1        11.     A little over three weeks later, on August 13, 2021, Plaintiff again delivered the

2   Vehicle to an authorized repair facility by Defendants, informing Defendants that the "Check

3   Engine" warning light was illuminating and recall #21V354 to address the "Update MBUX Software

4   Wave 3". After being in custody of Defendants for five (5) days the Vehicle was returned to Plaintiff

5   and Defendants' authorized service technician represented to Plaintiff that the Vehicle was then

6   operating as intended and was safe to drive. Plaintiff reasonably relied on this representation by the

7   service technician at the Defendants' authorized repair facility. All diagnostics/repairs were covered

8   under Defendants' written warranty.

9        12.     On January 4, 2022, Plaintiff again delivered the Vehicle to an authorized repair

10  facility by Defendants, notifying Defendants that the Vehicle was producing a knocking/popping

11  noise when accelerating and decelerating, the trunk creating a rattling noise, and recall #21V354 to

12  address the "Update MBUX Software Wave 3".  After being in custody of Defendants for two (2)

13  days the Vehicle was returned to Plaintiff and Defendants' authorized service technician represented

14  to Plaintiff that the Vehicle was then operating as intended and was safe to drive. Plaintiff reasonably

15  relied on this representation by the service technician at the Defendants' authorized repair facility.

16  All diagnostics/repairs were covered under Defendants' written warranty.

17       13.     Each time Plaintiff delivered the nonconforming Vehicle to Defendants' authorized

18  service and repair facility, Plaintiff notified Defendants, and each of them, of the defects,

19  malfunctions, misadjustments, and/or nonconformities existent with the Vehicle and demanded that

20  Defendants or its representatives repair, adjust, and/or replace any necessary parts to conform the

21  Vehicle to the applicable warranties.

22       14.     Each time Plaintiff delivered the nonconforming Vehicle to Defendants' authorized

23  service and repair facility, Defendants, and each of them, represented to Plaintiff that they could and

24  would conform the Vehicle to the applicable warranties, that in fact they did conform the Vehicle to

25  said warranties, and that all the defects, malfunctions, misadjustments, and/or nonconformities have

26  been repaired; however, Defendants or their representatives failed to conform the Vehicle to the

27  applicable warranties because said defects, malfunctions, misadjustments, and/or nonconformities

28  continue to exist even after a reasonable number of attempts to repair was given.

15.     The amount in controversy exceeds TWENTY-FIVE THOUSAND DOLLARS ($25,000.00), exclusive of interest and costs, for which Plaintiff seeks judgment against Defendants, together with equitable relief.  In addition, Plaintiff seeks damages from Defendants, and each of them, for incidental, consequential, exemplary, and actual damages including interest, costs, and actual attorneys' fees.

///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///
///

# FIRST CAUSE OF ACTION

## Breach of Implied Warranty of Merchantability under the Song-Beverly Act

### Against all Defendants

16.     Plaintiff realleges each and every paragraph (1-15) and incorporates them by this reference as though fully set forth herein.

17.     The distribution and sale of the Vehicle was accompanied by the Defendants' implied warranty that the Vehicle was merchantable.

18.     Furthermore, Defendants, and each of them, impliedly warranted, inter alia, that the Vehicle would pass without objection in the trade under the Contract description; that the Vehicle was fit for the ordinary purposes for which it was intended; that the Vehicle was adequately assembled; and/or that the Vehicle conformed to the promises or affirmations of fact made to Plaintiff.

19.     As evidenced by the defects, malfunctions, misadjustments, and/or nonconformities allegesd herein, the Vehicle was not merchantable because it did not have the quality that a buyer would reasonably expect, because it could not pass without objection in the trade under the Contract description; because it was not fit for the ordinary purposes for which it was intended; because it was not adequately assembled; and/or because it did not or could not be conformed to the promises or affirmations of fact made to Plaintiff.

20.     Upon discovery of the Vehicle's nonconformities, Plaintiff took reasonable steps to notify Defendants, and each of them, within a reasonable time that the Vehicle did not have the quality that a buyer would reasonably expect and, further, justifiably revoked acceptance of the nonconforming Vehicle.

21.     Plaintiff hereby gives written notice and justifiably revokes acceptance of the nonconforming Vehicle under the Commercial Code sections 2607 and 2608. Plaintiff further demands that Defendants cancel the sale, take back the nonconforming Vehicle, refund all the money expended, pay the difference between the value of the Vehicle as accepted and the value the Vehicle would have had if it had been as warranted, and/or pay damages under the Commercial Code sections 2711, 2714, and 2715. Defendants, and each of them, have, however, refused to comply.

22.     Plaintiff hereby gives written notice and makes demand upon Defendants for replacement or restitution, pursuant to the Song-Beverly Act.  Defendants, and each of them, knew of their obligations under the Song-Beverly Act; however, despite Plaintiff's demand, Defendants and each of them, have intentionally failed and refused to make restitution or replacement pursuant to the Song-Beverly Act.

23.     As a result of the acts and/or omissions of the Defendants, and each of them, Plaintiff has sustained damage in the amount actually paid or payable under the Contract, plus prejudgment interest thereon at the legal rate.  Plaintiff will seek leave to amend this Complaint to set forth the exact amount thereof when that amount is ascertained.

24.     As a further result of the actions of Defendants, and each of them, Plaintiff has sustained incidental and consequential damages in an amount yet to be determined, plus interest thereon at the legal rate.  Plaintiff will seek leave to amend this Complaint to set forth the exact amount of incidental damages when that amount is ascertained.

25.     As a further result of the actions of Defendants, and each of them, Plaintiff has sustained damages equal to the difference between the value of the Vehicle as accepted and the value the Vehicle would have had if it had been as warranted.

26.     As a direct result of the acts and/or omissions of Defendants, and each of them, and in pursuing Plaintiff's claim, it was necessary for Plaintiff to retain legal counsel. Pursuant to the Song-Beverly Act, Plaintiff, in addition to other remedies, is entitled to the recovery of attorneys' fees based upon actual time expended and reasonably incurred, in connection with the commencement and prosecution of this action.

///
///
///
///
///
///
///

## SECOND CAUSE OF ACTION

### Breach of Express Warranty under the Song-Beverly Act

### Against all Defendants

27.   Plaintiff realleges each and every paragraph (1-26) and incorporates them by this reference as though fully set forth herein.

28.   The Vehicle had defects, malfunctions, misadjustments, and/or nonconformities covered by the warranty that substantially impaired its value, use, or safety to Plaintiff.

29.   Plaintiff delivered the Vehicle to Defendants or their authorized repair facilities for repair.

30.   Defendants, and each of them, failed to service or repair the Vehicle to match the written warranty after a reasonable number of opportunities to do so.

31.   The acts and/or omissions of Defendants, and each of them, in failing to perform the proper repairs, part replacements, and/or adjustments, to conform the Vehicle to the applicable express warranties constitute a breach of the express warranties that Defendants provided to Plaintiff, thereby breaching Defendants' obligations under the Song-Beverly Act.

32.   Defendants, and each of them, failed to perform the necessary repairs and/or service in good and workmanlike manner. The actions taken by Defendants, and each of them, were insufficient to make the Vehicle conform to the express warranties and/or proper operational characteristics of like vehicles, all in violation of Defendants' obligations under the Song-Beverly Act.

33.   Plaintiff hereby gives written notice and makes demand upon Defendants for replacement or restitution, pursuant to the Song-Beverly Act.  Defendants and each of them, knowing their obligations under the Song-Beverly Act, and despite Plaintiff's demand, failed and refused to make restitution or replacement according to the mandates of the Song-Beverly Act.  The failure of Defendants, and each of them, to refund the price paid and payable or to replace the Vehicle was intentional and justifies an award of a Civil Penalty in an amount not to exceed two times Plaintiff's actual damages.

34.   As a result of the acts and/or omissions of Defendants, and each of them, and pursuant

-8-
**COMPLAINT FOR DAMAGES**

1   to the provisions of the Song-Beverly Act, Plaintiff is entitled to replacement of the Vehicle or

2   restitution of the amount actually paid or payable under the Contract, at Plaintiff's election, plus

3   prejudgment interest thereon at the legal rate. Plaintiff will seek leave to amend this Complaint to set

4   forth the exact amount of restitution and interest, upon election, when that amount has been

5   ascertained.

6        35.    Additionally, as a result of the acts and/or omissions of Defendants, and each of them,

7   and pursuant to the Song-Beverly Act, Plaintiff has sustained and is entitled to consequential and

8   incidental damages in amounts yet to be determined, plus interest thereon at the legal rate. Plaintiff

9   will seek leave to amend this Complaint to set forth the exact amount of consequential and/or

10  incidental damages, when those amounts have been ascertained.

11       36.    As a direct result of the acts and/or omissions of Defendants, and each of them, and in

12  pursuing Plaintiff's claim, it was necessary for Plaintiff to retain legal counsel. Pursuant to the Song-

13  Beverly Act, Plaintiff, in addition to other remedies, is entitled to the recovery of attorneys' fees

14  based upon actual time expended and reasonably incurred, in connection with the commencement

15  and prosecution of this action.

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

**COMPLAINT FOR DAMAGES**

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against all Defendants, and each of them, as follows:

A.   For replacement or restitution, at Plaintiff's election, according to proof;

B.   For incidental damages, according to proof;

C.   For consequential damages, according to proof;

D.   For a civil penalty as provided in the Song-Beverly Act, in an amount not to exceed two times the amount of Plaintiff's actual damages;

E.   For actual attorneys' fees, reasonably incurred;

F.   For costs of suit and expenses, according to proof;

G.   For the difference between the value of the Vehicle as accepted and the value the Vehicle would have had if it had been as warranted;

H.   For remedies provided in Chapters 6 and 7 of Division 2 of the Commercial Code;

I.   For pre-judgment interest at the legal rate;

J.   Such other relief the Court deems appropriate.

Date:   February 9, 2022                THE BARRY LAW FIRM

By: _____
DAVID N. BARRY, ESQ.
Attorney for Plaintiff,
GEORGE SHEHEED

**COMPLAINT FOR DAMAGES**

Electronically FILED by Superior Court of California, County of Riverside on 02/10/2022 09:39 AM
Case Number CVRI2200580 0000011450705 - W. Samuel Hamrick Jr., Executive Officer/Clerk of the Court By Araceli Amezcua, Clerk

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE**

☐ **BANNING** 311 E. Ramsey St., Banning, CA 92220
☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225
☐ **HEMET** 880 N. State St., Hemet, CA 92543
☐ **MORENO VALLEY** 13800 Heacock St., Ste. D201, Moreno Valley, CA 92553

☐ **MURRIETA** 30755-D Auld Rd., Suite 1226, Murrieta, CA 92563
☐ **PALM SPRINGS** 3255 E. Tahquitz Canyon Way, Palm Springs, CA 92262
☒ **RIVERSIDE** 4050 Main St., Riverside, CA 92501

**RI-CI032**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar Number and Address)*
David N. Barry, Esq. (SBN 219230)
The Barry Law Firm
11845 W. Olympic Blvd., Suite 1270
Los Angeles, CA 90064
TELEPHONE NO: (310) 684-5859   FAX NO. *(Optional)*: (310) 862-4539
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*: Plaintiff, George Sheheed

FOR COURT USE ONLY

PLAINTIFF/PETITIONER: George Sheheed

DEFENDANT/RESPONDENT: Mercedes-Benz USA, LLC

CASE NUMBER:
CVRI2200580

**CERTIFICATE OF COUNSEL**

The undersigned certifies that this matter should be tried or heard in the court identified above for the reasons specified below:

☒   The action arose in the zip code of:   92504

☐   The action concerns real property located in the zip code of:

☐   The Defendant resides in the zip code of:

For more information on where actions should be filed in the Riverside County Superior Courts, please refer to Local Rule 1.0015 at www.riverside.courts.ca.gov.

I certify (or declare) under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date   February 9, 2022

David N. Barry, Esq.
(TYPE OR PRINT NAME OF ☒ ATTORNEY ☐ PARTY MAKING DECLARATION)
► (SIGNATURE)

Approved for Mandatory Use
Riverside Superior Court
RI-CI032 [Rev. 08/15/13]

**CERTIFICATE OF COUNSEL**

Page 1 of 1
Local Rule 1.0015
riverside.courts.ca.gov/localfirms/localfirms.shtml

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
### Historic Court House
4050 Main Street, Riverside, CA 92501

**Case Number:**   CVRI2200580

**Case Name:**   SHEHEED vs MERCEDES-BENZ USA, LLC

## NOTICE OF DEPARTMENT ASSIGNMENT

The above entitled case is assigned to the Honorable Harold W. Hopp in Department 10 for All Purposes.

Any disqualification pursuant to CCP section 170.6 shall be filed in accordance with that section.

The court follows California Rules of Court, Rule 3.1308(a)(1) for tentative rulings (see Riverside Superior Court Local Rule 3316). Tentative Rulings for each law and motion matter are posted on the internet by 3:00 p.m. on the court day immediately before the hearing at http://riverside.courts.ca.gov/tentativerulings.shtml. If you do not have internet access, you may obtain the tentative ruling by telephone at (760) 904-5722.

To request oral argument, you must (1) notify the judicial secretary at (760) 904-5722 and (2) inform all other parties, no later than 4:30 p.m. the court day before the hearing. If no request for oral argument is made by 4:30 p.m., the tentative ruling will become the final ruling on the matter effective the date of the hearing.

The filing party shall serve a copy of this notice on all parties.

| | |
|---|---|
|   | Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterprotorInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
| | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.) |

Dated: 02/15/2022

W. SAMUEL HAMRICK JR.,
Court Executive Officer/Clerk of Court

by: _____
A. Amezcua, Deputy Clerk

CI-NODACV
(Rev. 02/16/21)

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

Historic Court House
4050 Main Street, Riverside, CA 92501

**Case Number:**   CVRI2200580

**Case Name:**   SHEHEED vs MERCEDES-BENZ USA, LLC

DAVID NEAL BARRY
11835 OLYMPIC BLVD STE 1270
Los Angeles, CA 90064

## NOTICE OF CASE MANAGEMENT CONFERENCE

The Case Management Conference is scheduled as follows:

| Hearing Date | Hearing Time | Department |
|---|---|---|
| 08/15/2022 | 8:30 AM | Department 10 |
| Location of Hearing:<br>**4050 Main Street, Riverside, CA 92501** | | |

No later than 15 calendar days before the date set for the case management conference or review, each party must file a case management statement and serve it on all other parties in the case. CRC, Rule 3.725.

The plaintiff/cross-complainant shall serve a copy of this notice on all defendants/cross-defendants who are named or added to the complaint and file proof of service.

Any disqualification pursuant to CCP Section 170.6 shall be filed in accordance with that section.

| | |
|---|---|
|  | Interpreter services are available upon request. If you need an interpreter, please complete and submit the online Interpreter Request Form (https://riverside.courts.ca.gov/Divisions/InterpretorInfo/ri-in007.pdf) or contact the clerk's office and verbally request an interpreter. All requests must be made in advance with as much notice as possible, and prior to the hearing date in order to secure an interpreter. |
|  | Assistive listening systems, computer-assisted real time captioning, or sign language interpreter services are available upon request if at least 5 days notice is provided. Contact the Office of the ADA Coordinator by calling (951) 777-3023 or TDD (951) 777-3769 between 8:00 am and 4:30 pm or by emailing ADA@riverside.courts.ca.gov to request an accommodation. A *Request for Accommodations by Persons With Disabilities and Order* (form MC-410) must be submitted when requesting an accommodation. (Civil Code section 54.8.) |

CERTIFICATE OF MAILING

I certify that I am currently employed by the Superior Court of California, County of Riverside, and that I am not a party to this action or proceeding. In my capacity, I am familiar with the practices and procedures used in connection with the mailing of correspondence. Such correspondence is deposited in the outgoing mail of the Superior Court. Outgoing mail is delivered to and mailed by the United States Postal Service, postage prepaid, the same day in the ordinary course of business. I certify that I served a copy of the Notice of Case Management Conference on this date, by depositing said copy as stated above.

Dated: 02/15/2022                                W. SAMUEL HAMRICK JR.,
                                                 Court Executive Officer/Clerk of Court


                                         by:  _Aureli  Amezcua_____
                                              A. Amezcua, Deputy Clerk

CI-NOCMC
(Rev. 03/06/20)

RI-ADR001-INFO



SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE
www.riverside.courts.ca.gov

**Self-represented parties:** https://www.riverside.courts.ca.gov/SelfHelp/self-help.php

---

### ALTERNATIVE DISPUTE RESOLUTION (ADR) – *INFORMATION PACKAGE*

### *** THE PLAINTIFF MUST SERVE THIS INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT. ***

---

### What is ADR?
Alternative Dispute Resolution (ADR) is a way of solving legal disputes without going to trial. The main types are mediation, arbitration, and settlement conferences.

### Advantages of ADR:
- Faster:  ADR can be done in a 1-day session within months after filing the complaint.
- Less expensive:  Parties can save court costs and attorneys' and witness fees.
- More control:  Parties choose their ADR process and provider.
- Less stressful:  ADR is done informally in private offices, not public courtrooms.

### Disadvantages of ADR:
- No public trial:  Parties do not get a decision by a judge or jury.
- Costs:  Parties may have to pay for both ADR and litigation.

### Main Types of ADR:

**Mediation:**   In mediation, the mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to create a settlement agreement that is acceptable to everyone.  If the parties do not wish to settle the case, they go to trial.

Mediation may be appropriate when the parties:
- want to work out a solution but need help from a neutral person; or
- have communication problems or strong emotions that interfere with resolution; or
- have a continuing business or personal relationship.

Mediation is not appropriate when the parties:
- want their public "day in court" or a judicial determination on points of law or fact;
- lack equal bargaining power or have a history of physical/emotional abuse.

**Arbitration:**  Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration the arbitrator's decision is final; there is no right to trial.  In "non-binding" arbitration, any party can request a trial after the arbitrator's decision.  The court's mandatory Judicial Arbitration program is non-binding.

**Page 1 of 2**

Arbitration may be appropriate when the parties:
- want to avoid trial, but still want a neutral person to decide the outcome of the case.

Arbitration is not appropriate when the parties:
- do not want to risk going through both arbitration and trial (Judicial Arbitration)
- do not want to give up their right to trial (binding arbitration)

**Settlement Conferences:** Settlement conferences are similar to mediation, but the settlement officer usually tries to negotiate an agreement by giving strong opinions about the strengths and weaknesses of the case, its monetary value, and the probable outcome at trial. Settlement conferences often involve attorneys more than the parties and often take place close to the trial date.

## RIVERSIDE COUNTY SUPERIOR COURT ADR REQUIREMENTS

ADR Information and forms are posted on the ADR website:
https://www.riverside.courts.ca.gov/Divisions/ADR/ADR.php

**General Policy:**
Parties in most general civil cases are expected to participate in an ADR process before requesting a trial date and to participate in a settlement conference before trial. (Local Rule 3200)

**Court-Ordered ADR:**
Certain cases valued at under $50,000 may be ordered to judicial arbitration or mediation. This order is usually made at the Case Management Conference. See the "Court-Ordered Mediation Information Sheet" on the ADR website for more information.

**Private ADR (for cases not ordered to arbitration or mediation):**
Parties schedule and pay for their ADR process without Court involvement. Parties may schedule private ADR at any time; there is no need to wait until the Case Management Conference. See the "Private Mediation Information Sheet" on the ADR website for more information.

**BEFORE THE CASE MANAGEMENT CONFERENCE (CMC), ALL PARTIES MUST:**
1. Discuss ADR with all parties at least 30 days before the CMC. Discuss:
   - Your preferences for mediation or arbitration.
   - Your schedule for discovery (getting the information you need) to make good decisions about settling the case at mediation or presenting your case at an arbitration.
2. File the attached "Stipulation for ADR" along with the Case Management Statement, if all parties can agree.
3. Be prepared to tell the judge your preference for mediation or arbitration and the date when you could complete it.

(Local Rule 3218)

**RIVERSIDE COUNTY ADR PROVIDERS INCLUDE:**
- The Court's Civil Mediation Panel (available for both Court-Ordered Mediation and Private Mediation). See https://adr.riverside.courts.ca.gov/Home/CivilMedPanel or ask for the list in the civil clerk's office, attorney window.
- Riverside County ADR providers funded by DRPA (Dispute Resolution Program Act):
  Dispute Resolution Service (DRS) Riverside County Bar Association: (951) 682-1015
  Dispute Resolution Center, Community Action Partnership (CAP): (951) 955-4900
  Chapman University School of Law Mediation Clinic (services only available at the court)

Adopted for Mandatory Use
Riverside Superior Court
RI-ADR001-INFO [Rev. 06/10/21]

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF RIVERSIDE

☐ **BLYTHE** 265 N. Broadway, Blythe, CA 92225
☐ **CORONA** 505 S. Buena Vista, Rm. 201, Corona, CA 92882
☐ **MORENO VALLEY** 13800 Heacock St. #D201, Moreno Valley, CA 92553

☐ **MURRIETA** 30755-D Auld Rd., Murrieta, CA 92563
☐ **PALM SPRINGS** 3255 Tahquitz Canyon Way, Palm Springs, CA 92262
☐ **RIVERSIDE** 4050 Main St., Riverside, CA 92501

**RI-ADR001**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar Number and Address) | FOR COURT USE ONLY |
|---|---|
| | |

TELEPHONE NO:                         FAX NO. (Optional):

E-MAIL ADDRESS (Optional):

ATTORNEY FOR (Name):

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

CASE NUMBER:

CASE MANAGEMENT CONFERENCE DATE(S):

## STIPULATION FOR ALTERNATIVE DISPUTE RESOLUTION (ADR)
(CRC 3.2221; Local Rule, Title 3, Division 2)

**Court-Ordered ADR:**

Eligibility for Court-Ordered Mediation or Judicial Arbitration will be determined at the Case Management Conference.  If eligible, the parties agree to participate in:

☐ Mediation          ☐ Judicial Arbitration (non-binding)

**Private ADR:**

If the case is not eligible for Court-Ordered Mediation or Judicial Arbitration, the parties agree to participate in the following ADR process, which they will arrange and pay for without court involvement:

☐ Mediation          ☐ Judicial Arbitration (non-binding)

☐ Binding Arbitration          ☐ Other (describe): _____

Proposed date to complete ADR: _____

## SUBMIT THIS FORM ALONG WITH THE CASE MANAGEMENT STATEMENT.

_____          _____          _____
(PRINT NAME OF PARTY OR ATTORNEY)          (SIGNATURE OF PARTY OR ATTORNEY)          (DATE)
☐ Plaintiff   ☐ Defendant

_____          _____          _____
(PRINT NAME OF PARTY OR ATTORNEY)          (SIGNATURE OF PARTY OR ATTORNEY)          (DATE)
☐ Plaintiff   ☐ Defendant

_____          _____          _____
(PRINT NAME OF PARTY OR ATTORNEY)          (SIGNATURE OF PARTY OR ATTORNEY)          (DATE)
☐ Plaintiff   ☐ Defendant

_____          _____          _____
(PRINT NAME OF PARTY OR ATTORNEY)          (SIGNATURE OF PARTY OR ATTORNEY)          (DATE)
☐ Plaintiff   ☐ Defendant

**Page 1 of 1**

Adopted for Mandatory Use
Riverside Superior Court
Form RI-ADR001 [Rev. 01/01/12]
[Reformatted 06/01/16]

**ALTERNATIVE DISPUTE RESOLUTION
(ADR) STIPULATION**

Statutory Authority
riverside.courts.ca.gov/localfrms/localfrms.shtml